[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO CONFIRM AND VACATE ARBITRATION AWARD
Before the court are two civil proceedings involving the same parties. In CV020187595 The Media Group (MGI) seeks to vacate an arbitration award entered in Anthony J. Notaro's (Notaro) favor. In CV020189157 Notaro seeks to confirm the same award. The two applications were heard by the court on September 9, 2002. The parties and counsel submitted a Stipulation of Facts and well written and reasoned memorandum of law, and they are to be commended.
In the Stipulation of Facts the parties agree as follows: MGI and Notaro entered into two agreements by which Notaro would create, write and appear in "infomercials" and conduct live demonstrations for a product known as the "Kitchen Wizard" (a food slicer) and a product known as "Brown `n Crisp" (a bag for microwaving foods). Both agreements stated that "any disputes . . . will be settled via binding arbitration. . . . [before] the American Arbitration Association" (AAA). In May 1998 Notaro filed a complaint against MGI with the AAA. Stipulation of Facts ¶¶ 1-4.
After a period of discovery an arbitration hearing was held. In December, 2001 the arbitrator awarded Notaro $143,131.00 with interest at 10% annually until the award was paid or until a court of competent jurisdiction entered judgment confirming the award. Id ¶¶ 7, 15.
The crux of the pending application arises out of the following facts as set forth in the parties' Stipulation of Facts:
"8. At the hearing, MGI gave testimony regarding royalties owed and introduced Respondent's Exhibit 2-13. It also applied a return rate for both products of 8% (See id.). CT Page 16020
 9. On the third day of the Arbitration, MGI requested a continuance of the hearing in order to produce evidence to counsel and the arbitrator that the actual rate of return for the Kitchen Wizard product substantially exceeded the 8% figure MGI was applying to its contemporaneous accountings to Notaro.
 10. At the time, MGI represented that this new figure (the "New Return Rate") was the actual return rate for the Brown `n Crisp.
 11. The New Return Rate was never disclosed by MGI to Notaro at any time during the Arbitration pleadings, discovery or hearing, until MGI attempted to offer evidence of the New Return Rate on what was scheduled to be the last day of the Arbitration Hearing.
 12. Notaro objected to the introduction of evidence regarding the New Return Rate on the grounds that it had not been disclosed in response to Notaro's production requests, had not been disclosed until the "final" date of the Arbitration hearing, and that Notaro had relied on MGI's use of the Return Rate. Accordingly, Notaro maintained that he was surprised by such evidence and would be unfairly prejudiced if the New Return Rate was admitted into evidence without having been afforded an opportunity to conduct discovery as to the accuracy of such evidence.
 13. MGI agreed that it had not previously used, produced, or argued that the New Return Rate should apply.
 14. The arbitrator, Robert A. Harris (the "Arbitrator") of Zeldes, Needle Cooper (Bridgeport, CT) agreed with Notaro's position and denied MGI's request for a continuance. He held that admitting the evidence would result in unfair surprise and prejudice to Notaro.
15. On December 11, 2001, the Arbitrator awarded CT Page 16021 Notaro "$143,631.00, with interest thereon at a rate often percent (10%) per annum, from November 30, 2001 until the award is paid, or until such date as a court of competent jurisdiction enters judgment confirming the award."
MGI seeks to vacate the arbitration award pursuant to General Statutes § 52-418 (a)(3) and (4) which requires a Superior Court to vacate an award:
 (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrator have exceeded their powers or so imperfectly executed them that a mutual final and definite award upon the subject matter submitted was not made.
The Connecticut Supreme Court recently noted with approval the statement of the Appellate Court that:
 "a party challenging an arbitration award on the ground that the arbitrator refused to receive material evidence must prove that, by virtue of an evidentiary ruling, he was in fact deprived of a full and fair hearing . . . [and] must prove that as a result of the improper ruling, [the party] suffered substantial prejudice." (Citation omitted; internal quotation marks omitted.)
South Windsor v. Police Union Local 1480, 255 Conn. 800, 825-826 (2001) quoting from South Windsor v. Police Union Local 1480, 57 Conn. App. 490,505-506 (2000).
In his application to confirm the award Notaro relies on OG/O'ConnellJoint Venture v. Chase Family Limited Partnership No. 3, 203 Conn. 133
(1987). In that case the Connecticut Supreme Court, after reviewing and restating its position that every reasonable presumption should be made in favor of an arbitration award and an arbitrator's acts and proceedings (id at 145) declined to rule that every refusal to receive relevant evidence was misconduct and concluded that an arbitrator's evidentiary ruling requires more than a showing it was an error of law to fall into the prohibition of General Statutes § 52-418 (a)(3). Id 149. MGI in CT Page 16022 its memorandum correctly points out certain factual and legal distinctions between OG/O'Connell and the present case. Nevertheless the general propositions set forth by the Supreme Court, and noted above, are valid.
According to the Stipulation of Facts MGI had regularly used an estimated product return rate of eight percent (8%) to arrive at a net sale figure for computing Notaro's commission. This eight percent return rate was set forth in the monthly accounting reports sent to Notaro. Furthermore, MGI used that return rate in exhibits and testimony during the arbitration hearing. On the last day of the hearing MGI sought a continuance in order to present evidence that the return rate for one of the products was substantially higher than eight percent.
In general arbitrations have broad discretion to schedule hearings, to order exchange of information before the hearing and to receive or reject proffers of evidence. See American Arbitration Association's Commercial Arbitration Rules 23, 24, 33, 34. Under the circumstances in this case and in light of Notaro's seemingly justified assertion of surprise and prejudice the court determines that the arbitrator's decision not to permit MGI to introduce different and contradictory evidence as to the return rate was not misconduct and did not deprive MGI of a full and fair hearing. MGI had been selling Brown `n Crisp since late 1997 or early 1998 and Kitchen Wizard since 1995. Notaro's arbitration complaint had been filed in May 1998. Clearly MGI had ample opportunity to obtain the `actual' product return rate for both products well before the hearing which took place in the latter part of 2001, to provide it to Notaro and offer it in evidence.[1]
MGI also contends that the arbitration award be vacated pursuant to General Statutes § 52-418 (a)(4) because the arbitrator by refusing to admit and hear evidence of the `actual' return rate exceeded his powers or so imperfectly executed them that there was an inadequate record for an award to be made. MGI cites Cofinco, Inc. v. Bakrie Bros.,395 F. Sup. 613 (S.D.N.Y. 1975) to this effect. In Cofinco a three arbitrator panel, without hearing significant portions of the evidence on the merits of the controversy ruled that Cofinco's claim was time-barred. On appeal, a panel of five arbitrators determined that the claim was not barred, and without taking any further evidence, issued a final award in favor of Cofinco. The federal district court, operating under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., found the proceeding so extraordinarily incomplete that it held that the five member panel had exercised it powers "so imperfectly . . . that a mutual, final and definite award upon the subject matter submitted was not made."Cofinco supra 395 F. Sup. 616 [quoting from then 9 U.S.C. § 10 (d) CT Page 16023 and now 9 U.S.C. § 10 (a)(4) which contains almost precisely the same language as General Statutes § 52-418 (a)(4)].
The critical distinction between this case and Cofinco is that the respondent in the latter case never had an opportunity to present evidence on the merits. The initial three arbitrator panel adjourned that portion of the proceeding and never took evidence on important questions of expenses and interest. 395 F. Sup. 614, 616. By contrast MGI, as noted above, had the opportunity long before the hearing to prepare and present its return evidence. Instead it determined, at least until the last moment, to proceed with its eight percent estimate. In these circumstances where evidence on the subject of returns was permitted to be introduced, the arbitrator did not so imperfectly exercise his powers as to justify vacating the award.
The application to vacate in CV 01 0187595 is denied. The application to confirm the award on CV 02 0189157 is confirmed.
Judgment shall enter accordingly.
 ___________________ ADAMS, J.